ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
GSC Construction, Inc. ) ASBCA Nos. 59402, 59601
)
Under Contract No. W9126G-11-D-0061 )

APPEARANCES FOR THE APPELLANT: Karl Dix, Jr., Esq.
Douglas L. Tabeling, Esq.
Lochlin B. Samples, Esq.
Smith, Currie & Hancock LLP
Atlanta, GA

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
Engineer Chief Trial Attorney
Stephanie R. Darr, Esq.
Keith J. Klein, Esq.
Alexandria P. Tramel, Esq.
Lauren M. Williams, Esq.
Engineer Trial Attorneys
U.S. Army Engineer District, Tulsa

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant moves to dismiss for lack of jurisdiction the government's allegations that appellant violated labor standards contract provisions, specifically, Federal Acquisition Regulation (FAR) 52.222-4, CONTRACT WORK HOURS AND SAFETY STANDARDS ACT–OVERTIME COMPENSATION (JULY 2005), and FAR 52.222-6, DAVIS–BACON ACT (JULY 2005), asserting that the U.S. Department of Labor (DOL) possesses exclusive jurisdiction to determine whether such a violation has occurred (mot. at 5). The government contends that appellant's violation of those provisions justifies the termination of Task Order DS01 of the contract referenced above (resp. at 3). Although the Board does not possess jurisdiction to determine whether a contractor has violated a contract's labor provisions, it possesses jurisdiction to determine whether findings by DOL that a contractor has violated a contract's labor provisions are final, or whether DOL and the contractor settled their dispute, in order to decide (as here) whether a contract default termination is justified. *See Herman B. Taylor Construction Co. v. Barram*, 203 F.3d 808, 811-12 (Fed. Cir. 2000); *GSC Construction, Inc.*, ASBCA No. 59402, 16-1 BCA ¶ 36,367.

Appellant also raises the issue whether labor provision violations were a basis for the contracting officer's termination decision (mot. at 9). To the extent that appellant suggests

that the Board lacks jurisdiction on that basis, we disagree. We may uphold a termination for default on any ground existing at the time of the termination, *Kaman Precision Products, Inc.*, ASBCA No. 56305, 10-2 BCA ¶ 34,529 at 170,286, even where the contracting officer's final decision relies upon other grounds. *Range Technology Corp.*, ASBCA No. 51943, 03-2 BCA ¶ 32,290 at 159,773. The government requested summary judgment that its termination of Task Order No. DS01 of the contract referenced above for default was justified based upon what the government contends are violations of the contract's labor provisions. *GSC Construction,* 16-1 BCA ¶ 36,367 (denying summary judgment). That issue remains for consideration. *See id.*

       For these reasons, the motion is denied.

Dated: 12 July 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

       I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59402, 59601, Appeals of GSC Construction, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

2